IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **PHILLIP SCOTT GLOVER,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:10-CV-056-Y |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Phillip Scott Glover, TDCJ # 762567, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

On September 11, 1996, pursuant to a plea agreement, Glover pled guilty to murder in the 372nd District Court of Tarrant County, Texas, and received a life sentence. On the same date, the

trial court adjudicated his guilt for aggravated sexual assault of a child in an unrelated case, for which he also received a life sentence. The sentences are running concurrently. (01State Habeas R. at 89-95; 02Habeas R. at 70-74) Glover did not directly appeal his convictions. (Petition at 3) On June 20, 2008, Glover filed two applications for writ of habeas corpus in state court, one for each conviction, raising one or more of the claims presented herein, which were denied without written order by the Texas Court of Criminal Appeals. Glover filed this federal petition for writ of habeas corpus on January 25, 2010. As ordered, Thaler has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Glover filed a reply.

D. ISSUES

Glover raises five grounds for relief challenging his murder conviction. (Petition at 7-8 & attachment; Pet'r Memorandum in Support 1-19)

E. STATUTE OF LIMITATIONS

Thaler argues that Glover's federal petition for writ of habeas corpus should be dismissed with prejudice because his claims are time-barred. (Resp't Preliminary Resp. at 2-6) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that Glover had for filing a timely notice of appeal on October 11, 1996, and closed one year later on Tuesday, October 14, 1997, absent any applicable tolling.[1] *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Glover's state habeas application, filed on June 20, 2008, nearly eleven years after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Glover alleged and demonstrated exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). Equitable tolling of the statute of limitations is permitted only if rare and exceptional

---

[1] October 11, 1997, was a Saturday, and Monday, October 13, 1997, was a holiday.

circumstances beyond a prisoner's control make it impossible to file a petition on time. Difficulty obtaining records or lack of knowledge of the law and filing rules does not justify equitable tolling. *See Felder*, 204 F.3d at 171-72; *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Nor does a claim of actual innocence or ineffective assistance of counsel warrant equitable tolling. *See Felder*, 204 F.3d at 171; *Molo v. Johnson,* 207 F.3d 773, 775-76 (5th Cir. 2000) (stating "criminal defendant has a right to effective assistance of counsel on a first appeal as of right; an alleged violation of that right does not toll the AEDPA's statute of limitations"); *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002) (finding "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified"); *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (noting that "[i]neffective assistance of counsel is irrelevant to the tolling decision"). Finally, the lengthy delay in seeking state and federal habeas relief does not establish due diligence on Glover's part.

Glover's federal petition was due on or before October 11, 1997; thus, his petition filed on January 25, 2010, is untimely.

## II. RECOMMENDATION

Glover's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and

recommendation until May 11, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until May 11, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 20, 2010.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE